IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL L. RICHTER,

    Plaintiff,

v.                                             No. CIV 97-00751 LH/DJS

RONALD J. VAN AMBERG, JOEL F.
ROTH, MICHAEL P. GROSS, CARL
B. ROGERS, RAYMOND Z. ORTIZ,
ROTH, VAN AMBERG, GROSS,
ROGERS & ORTIZ, a New Mexico
General Partnership,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint (Docket No. 41), filed July 13, 1998, as well as Defendants' Motion to Accept Response to Plaintiff's Motion to Amend Complaint as Timely (Doc. No. 44). The Court, having considered the motions, the memoranda of the parties, and the applicable law, and being otherwise fully advised, finds that both motions are well taken and will be **granted.**

The Complaint for Legal Malpractice, Breach of Fiduciary Duty, Violation of NMSA 1978 § 36-2-17, and Negligence was filed on June 2, 1997. Pursuant to the Initial Pre-Trial Report and a subsequent order extending deadlines, discovery was closed in this case on April 21, 1998 and the pre-trial motions deadline was June 15, 1998. Plaintiff served the current motion on June 9, 1998, six days before the pre-trial motion deadline. Plaintiff's Motion to Amend was filed with the Court subsequent to the filing of Defendants' Motion for Summary

Judgment on June 15, 1998 (Docket No. 36).

Plaintiff's proposed Amended Complaint adds a count for Aiding and Abetting a Breach of Fiduciary Duty. Specifically, Plaintiff proposes to allege that "Van Amberg's failure to advise Richter aided Gibbens in breaching his fiduciary duty to Richter which was the proximate cause of economic harm to Richter in an amount in excess of $75,000 to be proven at trial." Proposed Amended Complaint at ¶ 49. Plaintiff asserts that this tort was not included in his original complaint because at the time the complaint was filed, this tort was not expressly recognized in New Mexico.

In *GCM, Inc. v. Kentucky Cent. Life Ins. Co.,* 124 N.M. 186 (1997), the New Mexico Supreme Court held that tort liability can exist for aiding and abetting a breach of fiduciary duty. This opinion was filed on September 29, 1997, approximately three and one half months after Plaintiff's original complaint was filed, and approximately ten months before Plaintiff's motion to amend was filed.

Subsequent to service of a responsive pleading, absent consent of the adverse party, a party may amend the party's pleading only by leave of court, and leave shall be freely given when justice so requires. FED.R. CIV.P. 15(a). Such leave may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment," *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants' first objection is that this motion to amend comes at a very late stage of the proceedings. This matter is not yet set for trial. Given the liberal standard generally applied to

motions to amend, this argument is unavailing.

Defendants' next objection is that the tort contained in ¶ 49 of the proposed Amended Complaint had not been directly addressed previously by New Mexico courts, and should not be given retroactive application. While noting on page 148 that this specific issue had not been **directly** addressed previously, the *GCM* opinion also noted that "New Mexico has implicitly endorsed tort liability for intentionally causing a fiduciary to breach his or her duties . . .". Specifically, the *GCM* opinion noted that *Wolf & Klar Cos. v. Garner*, 101 N.M. 116, 118 (1984) cited with approval the notion that "a person is under a duty to refrain from intentionally causing another to violate a duty to a third.. . . Where one participates with or aids or abets an agent in an act which perpetrates a fraud upon the principal, he is equally liable with the agent to the principal for any damages suffered." *Id*. Finally, the *GCM* opinion noted that New Mexico has adopted Restatement (Second) of Torts Section 876, which recognizes the liability of third persons for the tort of another if the person "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." *Rael v. Cadena*, 93 N.M. 684, 684-85 (Ct. App. 1979). The *GCM* Court noted that "[T]hus, it is clear that tort liability for aiding and abetting a tortious action exists in New Mexico." *GCM, Inc.* at 148. The *GCM* Court went on to note that "[B]ecause the duty involved in a fiduciary relationship cannot be distinguished from other tort duties in this context, New Mexico's recognition of aiding and abetting liability logically extends to a breach of fiduciary duty." *Id*. I conclude that the *GCM* Court's direct recognition of this issue was in fact foreshadowed by prior existing law and that application of this tort, given prior existing law, will not lead to substantial inequitable results nor will it impair the operation of this tort. *See Beavers v. Johnson Controls World Services,*

*Inc.*, 118 N.M. 391, 399-401, 881 P.2d 1376, 1384-1386 (1994).

Defendants' next objection is that this tort is inapplicable to the facts of this case. This is an argument that should be addressed when the relevant facts are properly before the Court, such as at a summary judgment proceeding, and that is premature at this juncture. The Court is simply unwilling and unable to determine at this point in the proceedings whether or not the alleged receipt of a letter and failure to inform Plaintiff of its contents amounts to intentional assistance or encouragement of a breach of fiduciary duty between Plaintiff and his partner.

Finally, Defendants object to reopening discovery to prepare a proper defense of this additional claim. Defendants are non-specific as to how extensive additional necessary discovery might be. In his reply brief, Plaintiff disputes the necessity of additional discovery and asserts that this additional claim would be based on the same facts underlying his original claims for Breach of Fiduciary Duty and for Deceit and Collusion. It appears that any further discovery may be minimal and in any event, as to this factor, Defendants have failed to overcome the mandate of Rule 15 which provides that leave to amend "shall be freely given." *See Foman*, 371 U.S. at 182.

For the foregoing reasons, the Court concludes that justice requires allowing Plaintiff to file the Amended Complaint. The Court, in making this decision, has fully considered Defendants' response to Plaintiff's Motion to Amend. The Amended Complaint shall be filed as an independent pleading within ten (10) days of entry of this Memorandum Opinion and Order. Defendants shall file their Answer in a timely fashion. Within ten (10) days of filing of the Answer, the parties shall submit, if possible, a joint proposal to Magistrate Judge Svet for a final discovery schedule and for a new dispositive motion deadline. If this is not possible, the parties

shall submit separate proposals to Magistrate Judge Svet within this time period.

**IT IS HEREBY ORDERED** that Defendants' Motion to Accept Response to Plaintiff's Motion to Amend Complaint as Timely (Doc. No. 44) is **granted** and that Plaintiff's Motion to Amend Complaint (Docket No. 41) is hereby **granted.**

**IT IS SO ORDERED.**

_____
 **UNITED STATES DISTRICT JUDGE**