IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL L. RICHTER,**

    **Plaintiff,**

  vs.                                                                                        **No. CIV 97-751 LH/DJS**

**RONALD J. VAN AMBERG; JOEL F.
ROTH; MICHAEL P. GROSS; CARL B.
ROGERS; RAYMOND Z. ORTIZ;
ROTH, VAN AMBERG, GROSS,
ROGERS & ORTIZ, A New Mexico
General Partnership,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Court Bifurcation of Legal Claims to be Tried to the Jury and Equitable Claim to be Tried to the Court (Docket No. 18), filed December 31, 1997. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion is not well taken and should be **denied**.

    Plaintiff, in his Amended Complaint, alleges one count each of Legal Malpractice/Negligence, Legal Malpractice/Breach of Fiduciary Duty, Deceit or Collusion, and Aiding and Abetting a Breach of Fiduciary Duty. (Docket No. 49). In conjunction with his counts, Plaintiff requests the following relief: compensatory damages, interest, attorney's fees, costs, punitive damages and "other such

further relief that the Court deems just and proper." The count of Deceit or Collusion adds an additional request for treble damages. Nowhere in his original or amended complaint does Plaintiff specifically request equitable relief.

In his motion to bifurcate, Plaintiff alleges that his breach of fiduciary duty claim is an equitable claim deserving to be tried to the court after a jury trial on his other claims. He bases this claim on his interpretation of New Mexico law. This motion must be considered, taking into consideration the Defendants' right to a trial by jury, as requested in their Answer. (Docket No. 8).

The right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. *See Simler v. Conner*, 372 U.S. 221, 222 (1963) (jury trial right controlled by federal law to ensure uniformity in exercise required by the seventh amendment). In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), but the characterization of the state-created claim as legal or equitable for purposes of whether a right to a jury trial is indicated must be made by recourse to federal law.

In making the determination as to whether that action was legal or equitable, the *Simler* court examined the basic character of the suit. I will take the same approach in examining this suit. *Simler* involved a controversy regarding the amount of fees the petitioner was obligated to pay respondent, his lawyer. *Simler* characterized this as a case under a contingent fee retainer contract, "a traditionally 'legal' action". *Id*. at 223 (holding that the fact that the action was framed as a declaratory judgment action should not obscure the essentially legal nature of the action).

Federal law provides a two-step approach to determine whether a claim is equitable or legal for purposes of a seventh amendment right to trial by jury. *See Tull v. United States*, 481 U.S. 412,

421 (1987) (extending this analysis to statutory actions). First, the nature of the action is analyzed and compared to those actions that have been traditionally tried in either courts of law or courts of equity. Second, the remedy is examined to determine whether the relief sought is legal or equitable. This second factor is the more important one in making the ultimate determination of whether the claim is legal or equitable. *See id.* at 421.

In the present case, the nature of Plaintiff's breach of fiduciary claim can be evaluated by looking at the underlying relationship between the parties. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 568 (1990) ("The nature of an action is in large part controlled by the nature of the underlying relationship"). The Plaintiff and the Defendants were involved in an attorney-client relationship. The duties that flow from that relationship have traditionally been vindicated in courts of law, not courts of equity. *Id.* (attorney malpractice was "historically an action at law."). And unlike relationships that have been traditionally vindicated in equity, such as trust relationships where a beneficiary cannot control the actions of a trustee, a client exercises a measure of power in his ability to fire an attorney and to participate in decision making. *Id.* For the above reasons, I conclude that Plaintiff's breach of fiduciary claim is legal in nature.

Identifying the nature of the claim as legal does not end the inquiry. *See Terry*, 494 U.S. at 570. The nature of the remedy sought must also be analyzed to determine whether the relief is equitable or legal. *See id.* The characterization of the remedy is more important "than finding a precisely analogous common-law cause of action." *Tull*, 481 U.S. at 421. In the present case, Plaintiff in part seeks monetary relief from the Defendants equal to the amount of profits his former partner realized as a result of the Defendants' alleged failure to disclose information to Plaintiff.

Thus, the Plaintiff seeks to hold Defendants liable for profits made by a third party, but never realized by Defendants.

Monetary relief, although generally characterized as legal relief, is not exclusively recognized as legal in nature. *See Terry*, 494 U.S. at 570. For instance, if the monetary relief sought is restitutionary in nature, then the remedy is considered equitable. *Id*. A common example of monetary relief that is restitutionary in nature is disgorgement of improper profits. *Id*. In the present case, Plaintiff's claim for monetary relief does not constitute restitution because Defendants are not the persons who realized the alleged profits and they are not wrongfully withholding those profits from Plaintiff. Additionally, Plaintiff requests compensatory damages as the relief associated with his breach of fiduciary claim in his complaint. (Docket No. 41). Compensatory damages are generally considered legal in nature. *See Terry*, 494 U.S. at 570. Monetary relief can also be equitable in nature if it is "'incidental to or intertwined with injunctive relief.'" *See Terry*, 494 U.S. at 571 (quoting Tull, 481 U.S. at 424). However, that does not apply in this case because Plaintiff is not seeking any form of injunctive relief. For these reasons, I conclude that the relief sought is legal in nature.

For these reasons I conclude that all of Plaintiff's claims are legal ones and shall be tried to a jury. Plaintiff's motion (Docket No. 18) is therefore **denied.**

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**